**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| JOSE HUGO GONZALEZ-NINO (A No. 233-088-500),<br><br>Petitioner,<br><br>v.<br><br>WARDEN OF THE GOLDEN STATE ANNEX DETENTION FACILITY, et al.,<br><br>Respondents. | Case No. 1:26-cv-05187-JLT-EPG<br><br>ORDER GRANTING THE PETITION FOR WRIT OF HABEAS CORPUS; DENYING THE TRO AS MOOT; DENYING THE MOTION FOR APPOINTMENT OF COUNSEL; AND DIRECTING RESPONDENTS TO PROVIDE A SUBSTANTIVE BOND HEARING<br><br>(Docs. 1, 2, 3) |

Before the Court is Jose Hugo Gonzalez-Nino's request for a temporary restraining order (Doc. 2), filed in conjunction with his petition for a writ of habeas corpus brought under 28 U.S.C. § 2241, which challenges his ongoing detention. (Doc. 1.) Respondents filed an opposition to the TRO and habeas petition, asserting only that the petitioner is subject to mandatory detention under 8 U.S.C. § 1225(b), (Doc. 9 at 1–2), a legal position that this Court has repeatedly rejected. Thus, the Court **GRANTS** the habeas petition.[1]

///

[1] When the Court set a briefing schedule on the motion for TRO, it ordered the parties to state their position as to whether the motion for TRO should be converted to a preliminary injunction without further briefing, whether the parties sought a hearing, and whether the parties sought additional briefing on the habeas petition. (Doc. 7.) Respondents do not request a hearing or further briefing and ask this Court to "deny the petition." (Doc. 9 at 1.) As such, given that Respondents had notice and opportunity to respond, the Court decides this case on the underlying habeas petition.

## I. LEGAL STANDARD

The Constitution guarantees that the writ of habeas corpus is "available to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art I, § 9, cl. 2). Section 2241 of Title 28 confers the federal courts with the power to issue writs of habeas corpus to persons "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241. This includes challenges by non-citizens in immigration-related matters. *See Zadvydas v. Davis*, 533 U.S. 678, 687 (2001); *see also A.A. R. P. v. Trump*, 145 S. Ct. 1364, 1367 (2025).

## II. FACTUAL BACKGROUND

Petitioner is a citizen of Mexico who first entered the United States about twenty-four years ago and has lived here since. He was not encountered by federal immigration officials at that time.[2] (*See* Doc. 1 at 4, 6; Doc. 9-1 at 2.) Petitioner indicates that he has a pending petition for adjustment of status on file with USCIS, through his wife's status as a U.S. Citizen. (*Id.*) Petitioner is not currently subject to a final order of removal.[3] On May 2, 2026, Petitioner was arrested by local police for driving under the influence of alcohol. (Doc. 9-1 at 2, 15.) On May 13, 2026, local police transferred the Petitioner into ICE custody. (*Id.* at 2.) On that date, ICE issued an I-200 administrative warrant for Petitioner's arrest. (*Id.* at 5.) ICE also issued a Notice to Appear charging Petitioner as removable under INA §§ 212(a)(6)(A)(i), (a)(7)(A)(i)(I). (*Id.* at 8–11.) Petitioner was then transferred to the Golden State Annex Detention Facility in McFarland, California, where he remains. (Doc. 1 at 2.)

///

---

[2] There is no indication in the record that Petitioner was encountered upon entry into the United States. (*See* Docs. 1, 2, 9.) Instead, Petitioner was only recently charged as removable on May 13, 2026, (Doc. 9-1 at 8), the same day he was arrested by ICE upon his release from local police custody after a DUI arrest. (*Id.* at 2.) Further, upon entering Petitioner's A-Number into EOIR's website, the Automated Case Information indicates that Petitioner's immigration docket was only recently opened on May 14, 2026. EOIR, Automated Case Information, https://acis.eoir.justice.gov/en/caseinformation (last visited July 14, 2026). Thus, the Court concludes that Petitioner was living in the United States for years unencountered until his recent arrest in May 2026.

[3] EOIR's Automated Case Information indicates that Petitioner's case remains pending with no final order of removal in place. EOIR, Automated Case Information, https://acis.eoir.justice.gov/en/caseinformation (last visited July 14, 2026).

## III. DISCUSSION

The government filed an opposition to the habeas petition, arguing that Petitioner's detention is "mandatory" under expedited removal procedures set forth at 8 U.S.C. § 1225(b). (Doc. 9 at 1–2.) This Court has previously addressed similar due process arguments made by individuals who entered the United States without permission long ago and have resided here for many years without interacting with the immigration system and found that such individuals are not subject to mandatory detention under § 1225(b). *See R.P.V., v. Minga Wofford*, et al., No. 1:26-CV-01010 JLT EPG (HC), 2026 WL 494748, at *2 (E.D. Cal. Feb. 23, 2026); *Velasco v. Chestnut*, No. 1:26-CV-01200 JLT SKO (HC), 2026 WL 542242 at *1 (E.D. Cal. Feb. 26, 2026); *Elder Lopez Lopez*, v. *Christopher Chestnut*, et al., No. 1:26-CV-01455-JLT-EPG, 2026 WL 640887 at *1 (E.D. Cal. Mar. 6, 2026).

Furthermore, courts nationwide, including this one, have rejected Respondents' new legal position and found the DHS policy unlawful. *See e.g., Espinoza v. Kaiser*, No. 1:25-CV-01101 JLT SKO, 2025 WL 2581185 (E.D. Cal. Sept. 5, 2025); *Ortiz Donis v. Chestnut*, 1:25-CV-01228-JLT, 2025 WL 2879514 (E.D. Cal. Oct. 9, 2025); *M.R.R. v. Chestnut*, No. 1:25-CV-01517-JLT-SKO, 2025 WL 3265446 (E.D. Cal. Nov. 24, 2025); *Aguilera v. Albarran*, No. 1:25-CV-01619 JLT SAB, 2025 WL 3485016 (E.D. Cal. Dec. 4, 2025); *J.E.H.G. v. Chestnut*, No. 1:25-CV-01673-JLT-SKO, 2025 WL 3523108 (E.D. Cal. Dec. 9, 2025); *Garcia v. Chestnut*, No. 1:25-CV-01907-JLT-CDB, 2025 WL 3771348 (E.D. Cal. Dec. 31, 2025); *Carlos v. Chestnut*, No. 1:26-CV-00007-JLT-SKO (HC), 2026 WL 145889 (E.D. Cal. Jan. 20, 2026). Therefore, the Court finds that Petitioner's re-detention without a pre-deprivation hearing violated the Due Process Clause of the Fifth Amendment. The Court will also require Respondents to comply with the procedures articulated in *Garcia De Melo v. Stamper*, No. 1:26-CV-00152-JAW, 2026 WL 925672, at *5 (D. Me. Apr. 6, 2026).[4] Thus, for the foregoing reasons, the Court **ORDERS:**

1. Petitioner's petition for writ of habeas corpus (Doc. 1) is **GRANTED**;

2. Petitioner's motion for temporary restraining order (Doc. 2) is **DENIED** as

---

[4] Though the record contains issuance of an administrative warrant, (Doc. 9-1 at 5), it is unclear whether DHS would have issued such warrant absent the statutory interpretation pursuant to § 1225(b) rejected above.

**MOOT**;

3. Petitioner's motion for appointment of counsel (Doc. 3) is **DENIED**[5];

4. **Within 48 hours of this order**, Respondents **SHALL undertake** an initial custody determination pursuant to 8 U.S.C. § 1226(a) at which point they may either release Petitioner or continue his detention if deemed appropriate.

5. Thereafter, if Petitioner is not released, and no arrest warrant has been issued, Respondents **SHALL** immediately seek an arrest warrant. If the warrant is not granted, Respondents **SHALL** immediately release Petitioner. If a warrant is granted, within 10 days of the initial custody determination, Respondents **SHALL** provide Petitioner with a bond hearing in accordance with 8 U.S.C. § 1226(a) at which the parties will be allowed to present evidence and argument about whether Petitioners are a danger to the community and present a flight risk if not detained.

6. At least 72 hours before the scheduled hearing, the Petitioner **SHALL** receive notice of the hearing. He **SHALL** have the right to be represented by counsel at the hearing, and he **SHALL** be entitled to appear at the hearing. If counsel has filed an appearance in the immigration proceedings, at least 72 hours before the hearing, counsel **SHALL** receive notice of the scheduled hearing.

7. Respondents are **ENJOINED** and **RESTRAINED** from re-arresting or re-detaining Petitioner unless Respondents provide no less than seven days' notice to Petitioner and hold a pre-deprivation bond hearing before a neutral arbiter pursuant to section 1226(a) and its implementing regulations, at which Petitioner's eligibility for bond is considered.[6]

8. The Clerk of Court is directed to serve the Golden State Annex Detention Facility

---

[5] Petitioner asks this Court to appoint counsel in his habeas action. (Doc. 3.) Title 18 U.S.C. § 3006A(a)(2)(B) authorizes the appointment of counsel at any stage of the case if "the interests of justice so require." Because the Court **GRANTS** the habeas petition and orders a substantive bond hearing, the interests of justice do not require appointment of counsel.

[6] If legally sufficient circumstances justify arrest without notice in advance, a post-deprivation hearing consistent with the requirements set forth here **SHALL** be provided within seven days of the arrest. Alternatively, if Petitioner becomes subject to a final order of removal and Petitioner receives notice of such order, Respondents may detain Petitioner for the sole and limited purpose of executing removal. In this event, Respondent's **SHALL** provide a bond hearing in the timeframe required by law.

in McFarland, California with a copy of this Order.

9. The Clerk of Court is directed to close this case and enter judgment for Petitioner.

IT IS SO ORDERED.

Dated: _July 14, 2026_

UNITED STATES DISTRICT JUDGE